UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,
*ex rel*. Benjamin Poehling,

    Plaintiffs,

    v.                                     Case No. _____

UNITEDHEALTH GROUP, INC., *et al.*,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH OR ALTERNATIVELY FOR A PROTECTIVE ORDER TO
## SHIFT COSTS

A. Reddix & Associates, Inc. ("ARDX"), a non-party to the captioned case, pursuant to Federal Rules of Civil Procedure 26 and 45, moves to quash or otherwise modify the subpoena *duces tecum* ("Subpoena") issued to it by Defendant UnitedHealth Group, Inc. ("UnitedHealth"), in the captioned case, which is pending in the United States District Court for the Central District of California.[1] The Subpoena should be quashed for the following reasons: (1) compliance with the production schedule demanded by UnitedHealth and with UnitedHealth's demand for ARDX's internal emails ("Internal Emails") would cause an undue burden and expense to ARDX, and (2) UnitedHealth has failed to meet the "proportionality" requirement of Rule 26(b)(1) in demanding ARDX produce its Internal Emails at great expense where such emails would be irrelevant to the litigation. Should the Court require ARDX to

---

[1] The case number is Civil Action No. 2:16-cv-0869-FMO.

continue production and produce Internal Emails, the Court should order UnitedHealth to bear the costs of such production.

## I. BACKGROUND

### A. ARDX

ARDX is a woman-owned, minority-owned, and small disadvantaged business based in Norfolk. It was founded in 2006 by president and chief executive officer, Dr. Angela Reddix. For its first nine years in operation, ARDX participated as a certified 8(a) small business in the U.S. Small Business Administration's ("SBA") 8(a) program for small businesses that are at least 51% owned and controlled by U.S. citizens who are economically and socially disadvantaged. Having graduated from the SBA 8(a) program, ADRX now participates in the SBA's 8(m) program for women-owned small businesses and economically disadvantaged women-owned small businesses. ARDX is certified by the SBA as a small disadvantaged business ("SDB") and by the Virginia Department of Small Business & Supplier Diversity as a small, women-owned, and minority owned ("SWaM") business. ARDX operates with a lean staff of approximately 100 employees, most of whom work at its Norfolk headquarters. ARDX is a government healthcare management and technology consulting firm with the U.S. Centers for Medicare and Medicaid Services ("CMS").

### B. The Case

The case is a civil fraud action brought by the United States against UnitedHealth under the False Claims Act for monies unlawfully obtained and/or retained from the federal Medicare program by UnitedHealth and its subsidiaries. The United States filed its complaint in partial intervention on May 16, 2017. According to Pacer, the fact discovery deadline is December 4, 2020, and trial is set for September 2021. **Exhibit 1.**

During the time alleged in the United States' complaint, ARDX had multiple contracts to provide support services to CMS in the Medicare program. ARDX's services to CMS included design and development of CMS's Medicare Part C & Part D Payment Research Support Web Portal; training, guidance, and technical assistance to CMS; and guidance to Medicare Advantage Organizations.

### C. The Subpoena

On October 30, 2018, UnitedHealth served ARDX with the Subpoena at ARDX's principal place of business located at 5800 Lake Wright Drive, Suite 301, Norfolk, Virginia. **Exhibit 2**. Production was commanded at First Legal Records c/o Torri's Legal Services, 2100 E. Ocean View Avenue #38, Norfolk, Virginia on November 27, 2018. **Exhibit 2**.[2] ARDX timely served its objections on opposing counsel on November 14, 2018. **Exhibit 3**.

The Subpoena makes ten requests for information regarding ARDX's work with CMS, (which represents a substantial part of ARDX's business), including electronically stored information ("ESI"), for the time period between January 1, 2004[3] through May 16, 2017. Since receiving the Subpoena, ARDX has worked in good faith with UnitedHealth to provide responsive materials and has engaged with UnitedHealth in discussions via telephone, email, and letter, regarding narrowing the requests, modifying search terms, and the schedule of production.

---

[2] By agreement of the parties, ARDX has been producing documents directly to UnitedHealth counsel via either secure file transfer protocol (FTP) or encrypted hard drive.
[3] ARDX was founded in 2006.

**D. ARDX's Data Production in Response to the Subpoena**

Since receiving the Subpoena, ARDX has worked diligently to complete the production in a timely manner. The time required to complete production is largely due to the vast scope of the Subpoena: collecting, searching, processing, and producing the requested data is a cumbersome, time-consuming, labor-intensive, and expensive process. Further, ARDX's production time has been impacted by the following factors:

1) UnitedHealth initially objected to ARDX's initial production timeline and the scope of ARDX's review. ARDX objected to providing UnitedHealth with Internal Emails. These exchanges occurred between December 2018 and February 2019.

2) After ARDX had completed an initial round of data collection and searches, UnitedHealth objected to ARDX's search terms and insisted that ARDX use the search terms UnitedHealth proposed. The parties discussed the search terms. UnitedHealth did not provide its final search terms until *June 2019*. ARDX was then required to repeat some of its initial work, which necessitated ARDX reallocating staff from productive work in order to re-do the data collection and searches.

3) Because of the broad scope of the Subpoena, and UnitedHealth's insistence that the production include certain metadata, ARDX must use an e-discovery platform for the production. ARDX requested that UnitedHealth contribute to the costs of the e-discovery platform in March 2019, and the parties engaged in discussions regarding the costs over the ensuing months. Ultimately, in June 2019, UnitedHealth refused to contribute to the costs of production unless ARDX revealed its confidential financial information to UnitedHealth. ARDX declined to provide its confidential financial information and engaged an e-discovery platform at its own cost.

4) Because of the sensitive nature of the documents requested and contractual requirements between ARDX and CMS, the United States requires that it review all documents prior to ARDX's production to UnitedHealth. After reviewing ARDX's proposed productions, the United States instructs ARDX to mark specified documents as confidential or to withhold them as privileged. ARDX then has to apply the United States' directed markings and redactions to the data before producing to UnitedHealth. This second level of review and marking delays the production to UnitedHealth, and ARDX has no control over how much time the United States' review takes. In order to expedite this process, in July 2019 ARDX asked the United States to use ARDX's e-discovery provider to conduct its review. Obtaining the United States' approval for this process and then setting up the United States in the e-discovery platform delayed the review process by approximately two months. By November 2019, ARDX and the United States had streamlined this process and are now able to quickly and efficiently exchange documents for review prior to production to UnitedHealth.

5) The sheer scope of UnitedHealth's request requires significant time for ARDX to gather and review documents. Additionally, delays occur with the ingestion and production of large amounts of ESI, including technical issues such as errors and file compromise issues.

In order to expedite the data production to UnitedHealth, ARDX is separating the productions into "batches" (Batches 1 through 8) and producing batches to the United States and then to UnitedHealth as they are ready. As detailed below, to date, ARDX has produced Batches

1 through 6. ARDX is, in good faith, prepared to produce the first part of Batch 7[4] to UnitedHealth this week. The remainder of Batch 7 and Batch 8 currently consists of approximately 1,000 GB of data, which must still be analyzed, culled, reviewed, and produced.[5] This does not include any additional data ARDX would need to collect based on UnitedHealth's demand for Internal Emails. Given the costs incurred thus far, and UnitedHealth's rejection of ARDX's proposed timeline, ARDX is seeking relief from the Court prior to continuing its productions.

ARDX has made the following productions to UnitedHealth consisting of the approximate sizes:

| Batch # | Date Produced to UnitedHealth | Amount of Data | Number of Documents | Page Count |
|---|---|---|---|---|
| 1 | 2/6/2019 | 33 Megabyte ("MB") | 58 (+2 initial) | 795 |
| 2 | 7/19/2019 | 18 GB | 11,874 | 189,582 |
| 3 | 12/21/2019 | 74 GB | 24,667 | 448,370 |
| 4 | 12/21/2019 | <5 GB | 4,700 | Included in 3 total |
| 5 | 12/21/2019 | 80 GB | 163,949 | 463,183 |
| 6 | 2/8/2020 | 1.75 GB | 6,427 | 13,653 |

Additionally, ARDX will be producing part 1 of Batch 7 this week. Until the Court decides the instant Motion, ARDX has stopped its work in gathering, culling, and producing the remainder of Batch 7 and Batch 8.

**E. Costs to ARDX**

To date, ARDX has incurred substantial costs in complying with the Subpoena. It has engaged an outside information technology vendor, Endurance IT, to assist in the production; the costs to date for those services are approximately $57,203.00. ARDX is using an e-discovery

---

[4] Batch 7 is being split into multiple parts in order to provide a "rolling" production as requested by UnitedHealth.
[5] After analysis and culling, the actual production set will likely be smaller.

platform (Casepoint), which is essential for large-scale electronic discovery; the costs for those services to date are approximately $76,130.85. ARDX's approximate legal fees incurred in responding to the Subpoena to date total $80,704.70. In addition to those costs, ARDX employees have expended approximately 983.75 hours in complying with the Subpoena; those hours, which detracted from the employees' revenue producing work, cost ARDX approximately $106,558.28. Thus far, ARDX's costs in responding to the Subpoena are approximately $320,596.83. **Exhibit 4**.

### F. Current Dispute

UnitedHealth has taken issue with ARDX's anticipated schedule for the remaining production and with ARDX's objection to producing its Internal Emails. After several communications regarding the production schedule, UnitedHealth demanded on January 29, 2020, that ARDX provide all remaining productions to the United States for review by February 7, 2020, and to commit to make productions available to UnitedHealth within a week of the United States completing its review. ARDX responded that it was not possible to comply with the demanded production schedule.

ARDX and UnitedHealth met and conferred by conference call on February 7, 2020, regarding ARDX's anticipated schedule for the remaining production. During that call and in a subsequent email, ARDX described its remaining production schedule to UnitedHealth counsel as follows: Batch 7 – Part 1 to be made available to the United States by February 10, 2020; the remainder of Batch 7 to be made available to the United States by February 24, 2020; and Batch 8 to be made available to the United States by the end of March 2020.

Although UnitedHealth is pressing ARDX to complete its production quickly, ARDX questions whether UnitedHealth has even reviewed the data ARDX has produced to date. On

7

January 31, 2020, UnitedHealth notified ARDX that ARDX's Batch 2 was corrupted and could not be read. ARDX had produced Batch 2 to UnitedHealth *seven* months earlier, on July 19, 2019. The fact that UnitedHealth did not discover any problems with Batch 2 until January 2020 suggests to ARDX that UnitedHealth had not attempted to review Batch 2 earlier.

In the February 7, 2020 conference call, UnitedHealth also raised the issue of Internal Emails. Although no request in the Subpoena specifically calls for Internal Emails, several requests are so broad that they may encompass them. From the beginning, ARDX objected to the production of Internal Emails; that objection is discussed specifically in ARDX's letters to UnitedHealth dated January 11, 2019 and January 15, 2019.[6] Contrary to UnitedHealth's assertions, ARDX believes the Internal Emails would not have any bearing on the litigation because they are strictly internal communications between ARDX staff; they were not exchanged with CMS or anyone outside of ARDX. Any ARDX communications with CMS would be memorialized and contained within external emails or other documents that ARDX is producing. Including Internal Emails in ARDX's data collection, processing, and production would significantly increase the time and expense of production.[7]

Consistent with its earlier objections to Internal Emails, ARDX's production letter dated December 20, 2019, explicitly states that Internal Emails were not included. In the February 7, 2020, conference call, however, UnitedHealth resurrected its demand for Internal Emails. ARDX renewed its objection, and offered to discuss the matter further, but UnitedHealth declined.

---

[6] This letter was erroneously dated January 15, 2019, and should have been dated February 15, 2019, when it was sent via email.

[7] ARDX has inadvertently collected some Internal Emails, but has excluded them from searches for responsive terms, pre-production review, and production, and thus has not determined whether any of those Internal Emails would be responsive to the Subpoena. Some Internal Emails have likely been produced, however.

### G. Impasse

Following the February 7, 2020, conference call, UnitedHealth declined ARDX's requests for further discussion and declared impasse. UnitedHealth asked ARDX to participate in an "informal conference" with a magistrate judge in the Central District of California. As ARDX is not subject to jurisdiction there,[8] and Rule 45 places jurisdiction of this dispute in this Court, ARDX has filed the instant Motion. The Court should quash the Subpoena or issue a protective order modifying the Subpoena to exclude Internal Emails and to shift costs of the remaining production, which ARDX estimates to be approximately $86,000 without Internal Emails or approximately $400,000 with Internal Emails. **See Exhibit 4**.

### II. ARGUMENT

#### A. This Court Has Jurisdiction Over this Motion.

Under Rule 45, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *See Europlay Capital Advisors, LLC. v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018), *citing Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014). Rule 45(d)(2)(B)(i) states that "[a]t any time, on notice to the commanded person, the [party serving the subpoena] may move the court for the district *where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). Rule 45 gives "the court for the district where compliance is required," and not the court from which a subpoena must issue, primary authority over disputes about subpoenas directed at nonparties located within the compliance court's territorial jurisdiction. *See* Fed. R. Civ. P. 45(a)-(g); Fed. R. Civ. P. 45(f), advisory committee's note to

---

[8] ARDX's headquarters are in Norfolk. It does not do business in California.

9

2013 amendment; *United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016); *Ellis v. Arrowood Indem. Co.*, No. 2:14mc146, 2014 U.S. Dist. LEXIS 121913, 2014 WL 4365273, at *2 (S.D. W. Va. Sept. 2, 2014).

The Subpoena commanded production in Norfolk; the documents UnitedHealth seeks are in Norfolk; ARDX has been producing documents to UnitedHealth from Norfolk; and ARDX is headquartered in Norfolk. As the compliance court, this Court has jurisdiction to resolve this Motion to Quash. Fed. R. Civ. Proc. 45.

### B. Continued Production Would Be an Undue Burden on ARDX.

Rule 45 provides that a court should quash or modify a subpoena that fails to allow a reasonable time to comply, requires a person to comply beyond the geographical limits specified in Rule 45(c), or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The Court should balance the burden imposed on the subpoenaed party against the need for the discovery. *See* Fed. R. Civ. P. 26. The proportionality requirement of Rule 26 "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan,* 921 F.3d 180, 189 (4th Cir. 2019). "When discovery is sought from nonparties, however, its scope must be limited even more" because these are "'strangers' to the litigation." *Id.* Additionally, "[a] more demanding variant of the proportionality analysis . . . applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)). A court must ultimately decide "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.*

Discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court must consider whether the burden or expense of the proposed discovery outweighs its

likely benefit. Fed. R. Civ. P. 26(b)(1). However, "[a] more demanding variant" of this analysis applies when, as here, discovery is requested from a non-party. *Jordan,* 921 F.3d at 189; Fed. R. Civ. P. 45(d)(3)(A)(iv). "Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Jordan,* 921 F.3d at 189. ARDX, as a non-party, has already produced large amounts of documents to UnitedHealth at its significant expense. ARDX should not be required to continue to expend further resources to comply with the broad scope of the Subpoena.

Here, the burden on ARDX of continued compliance with the Subpoena far outweighs any potential benefit to UnitedHealth. If ARDX were required to produce Internal Emails, it would have to re-initiate its collection efforts to date to search for all Internal Emails of relevant custodians—expending many additional hours and adding to the expenses it has already incurred order to collect the Internal Emails, run UnitedHealth's search terms, process the data for production to the United States, apply any markings or redactions the United States requests to the data, and then produce the Internal Emails to UnitedHealth. UnitedHealth has failed to articulate sufficient need to justify the production of such materials by a non-party. Asking ARDX, a non-party, to go on a fishing expedition for Internal Emails that would be irrelevant to the underlying litigation subjects ARDX to an undue burden far outweighing the potential benefits to UnitedHealth. *See Jordan,* 921 F.3d at 189 (holding that the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient); *see also In re Modern Plastics Corp.,* 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999), quoting *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 53 (S.D.N.Y. 1979) (holding that undue burden to be assessed in case-specific manner considering "such factors as relevance, the need of the party for

11

the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed").

### C. Future Costs Should Be Shifted to UnitedHealth.

Should ARDX be ordered to produce Internal Emails, or to complete the remaining production by any specified deadline (excluding Batch 7 – Part 1, which, as previously stated, ARDX will produce), the Court should shift any future costs, including attorneys' fees, to UnitedHealth. Rule 45 protects non-parties from significant expenses resulting from compliance if the non-party has timely objected to a subpoena and a court subsequently issues an order compelling production. Fed. R. Civ. P. 45(d)(2)(B). *In re American Nurses Assoc.*, 643 F. App'x 310, 314 (4th Cir. 2016); *In re Modern Plastics*, 890 F.3d at 252. ARDX timely served its objections on UnitedHealth and attempted in good faith to cooperate with UnitedHealth since then. Given that ARDX has already expended approximately $365,130.51 in complying with the Subpoena, the Court should order UnitedHealth to bear any additional costs that ARDX may incur in the remaining production, especially if that is to include Internal Emails.

### III. CONCLUSION

For the reasons set forth herein, ARDX requests that the Subpoena be quashed, or a protective order entered to modify the Subpoena and shift costs as outlined above, and for any other relief that the Court deems just and appropriate.

Dated: February 17, 2020

Respectfully submitted,

A. REDDIX & ASSOCIATES, INC.

/s/ Anne G. Bibeau
Anne G. Bibeau (VSB No. 41488)
Jonathan Gallo (VSB No. 92725)
VANDEVENTER BLACK LLP
500 World Trade Center

101 W. Main Street
Norfolk, VA 23510
Tel. 757.446.8600
Fax 757.446.8670
ABibeau@VanBlackLaw.com
JGallo@VanBlackLaw.com
*Counsel for A. Reddix & Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on the 17th day of February, 2020, I have electronically filed the foregoing Memorandum of Law in Support of Motion to Quash with the United States District Court, Eastern District of Virginia, Norfolk Division, Clerk of Court using the Court's CM/ECF system, and will be delivered via email and certified mail, return receipt requested mail to the following:

**David J Schindler**
Latham and Watkins LLP
355 South Grand Avenue Suite 100
Los Angeles, CA 90071-1560
213-485-1234
Fax: 213-891-8763
Email: david.schindler@lw.com

**Abid R Qureshi**
Latham and Watkins LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004-1304
202-637-2240
Fax: 202-637-2201
Email: abid.qureshi@lw.com

**Benjamin W Snyder**
Latham and Watkins LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201

**Daniel Meron**
Latham and Watkins LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: daniel.meron@lw.com

**Kathryn H Ruemmler**
Latham and Watkins LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: kathryn.ruemmler@lw.com

**Martha Glover**
US Department of Justice
Civil Division
175 N Street NE Suite 10-1808
Washington, DC 20002
202-353-1270
Email: martha.n.glover@usdoj.gov

*/s/ Anne G. Bibeau*
Of Counsel

4818-2524-9716, v. 1